[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 6, 2006
THOMAS K. KAHN
CLERK

----------------------------------
No. 05-17110
Non-Argument Calendar
----------------------------------

D.C. Docket  No. 04-03039-CV-BBM-1

JANE MCMILLAN,

Plaintiff-Appellee,

versus

DEKALB COUNTY, GEORGIA,
MARILYN BOYD DREW,

Defendants-Appellants,

VERNON JONES, et al.,

Defendants.

--------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
----------------------------------

**(November 6, 2006)**

Before EDMONDSON, Chief Judge, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Defendants-Appellants DeKalb County, Georgia and Marilyn Boyd Drew, Director of the Parks & Recreations Department ("PRD") of DeKalb County, appeal the denial of Drew's motion for summary judgment on individual capacity employment discrimination claims against her based on qualified immunity. No reversible error has been shown; we affirm.

Plaintiff-Appellee Jane McMillan, a Caucasian female, was a 30-year veteran employee of the PRD when she was terminated by Drew. Plaintiff alleged that Drew, an African-American, terminated her on the basis of her race, in violation of Title VII and § 1983. Drew denied wrongdoing, claimed the termination decision was supported by the undisputed fact that Plaintiff "had been implicated in misspending funds by two independent investigations," and moved to dismiss based on qualified immunity. The district court denied qualified immunity concluding that the record failed to establish indisputably that Drew was motivated -- at least in part -- by lawful considerations when she terminated Plaintiff.

A district court denial of the affirmative defense of qualified immunity is an immediately appealable collateral order provided the order appealed concerns a pure legal decision on core qualified immunity issues. See Johnson v. Jones, 115

S.Ct. 2151, 2156 (1995); Koch v. Rugg, 221 F.3d 1283, 1294 (11ᵗʰ Cir. 2000).

Interlocutory appeal of an order denying summary judgment to a defendant

entitled to invoke a qualified immunity defense is not available "insofar as that

order determines whether or not the pretrial record sets forth a 'genuine' issue of

fact for trial." Johnson, 115 S.Ct. at 2159. Issues only of evidentiary sufficiency

that are distinct from core qualified immunity issues will support no immediate

appeal:

> To be reviewable, a pretrial qualified immunity appeal
> must present a legal question concerning a clearly
> established federal right that can be decided apart from
> considering sufficiency of the evidence relative to the
> correctness of the plaintiff's alleged facts.

Koch, 221 F.3d at 1294. But that a district court denial of qualified immunity was

fact-based is no absolute bar to appellate review in all circumstances. As we have

said,

> so long as the core qualified immunity issue is raised on
> appeal, a final, collateral order is being appealed, and the
> appellate court has jurisdiction to hear the case,
> including challenges to the district court's determination
> that genuine issues of fact exist as to what conduct the
> defendant engaged in.

McMillian v. Johnson, 88 F.3d 1554, 1563 (11ᵗʰ Cir. 1996).

Plaintiff proffered evidence that Drew's act in terminating Plaintiff's employment was racially motivated. The pretrial record disclosed comments attributed to Drew and other county officials that showed racial hostility and called for reducing the number of Caucasians at the PRD. Also, Drew effected the termination before the final internal audit reports issued and without following normal county procedures. Drew denied wrongdoing and advanced an adequate lawful basis for Plaintiff's termination: missteps taken by Plaintiff in effecting a pay raise for a subordinate justified termination under DeKalb County policies.

That Drew acted, in part, with discriminatory motive does not defeat entitlement to qualified immunity. As we have said, "[a]t least when an adequate lawful motive is present, that a discriminatory motive might also exist does not sweep qualified immunity from the field even at the summary judgment stage." Foy v. Holston, 94 F.3d 1528, 1534-35 (11th Cir. 1996). Drew argues that the district court erred when it denied qualified immunity because a reasonable official in Drew's position could have believed her acts were lawful under the circumstances and in the light of clearly established law. Drew argues that the district court engaged impermissibly in abstractions when it denied qualified immunity based on the general proposition that the right to be free from racial discrimination was clearly established and that Plaintiff presented a jury issue on

4

the underlying constitutional violation. Instead, Drew argues that the issue for qualified immunity purposes is whether a reasonable official could have believed that it was lawful to terminate an employee when presented with evidence of misuse of public funds under circumstances where -- as here -- several of the employee's coworkers had been arrested for misuse of public funds.

Because Drew raises core qualified immunity issues and not just issues of evidentiary sufficiency, we have jurisdiction over the final collateral order denying qualified immunity. That being said, we see no error in the district court's qualified immunity analysis. In cases involving mixed motives, a public official is not immunized from liability for an otherwise objectively valid act if the complained of act was undertaken only based on improper motive. See Crawford-El v. Britton, 118 S.Ct. 1585, 1594 (1997) (rejecting "proposal to immunize all officials whose conduct is 'objectively valid,' regardless of improper intent."); Foy v. Holston, 94 F.3d 1528, 1535 n.9 (11th Cir. 1996) (in a case where intent is an element of the constitutional tort, question for qualified immunity can not be just whether some official acting without discriminatory intent could have acted lawfully when acting as defendant acted). When improper motive is part of the underlying constitutional tort, a defendant is entitled to qualified immunity only when, among other things, "the record indisputably establishes that the defendant

5

in fact was motivated, <u>at least in part</u>, by lawful considerations." <u>Stanley v. City of Dalton, Ga.</u>, 219 F.3d 1280, 1296 (11th Cir. 2000) (emphasis in original); <u>see also</u> <u>Foy v. Holston</u>, 94 F.3d at 1535 ("the record makes it clear that Defendants' acts were actually motivated by lawful considerations without which they would not have acted."). Drew misapprehends the analytical framework applicable to qualified immunity in mixed motive cases.

The district court observed correctly that the right to be free from racial discrimination in the public workplace was a clearly established constitutional right of which a reasonable official would have known. The district court also recognized correctly that the payroll abuse attributed to Plaintiff could objectively justify Plaintiff's termination. Qualified immunity was denied at this stage because the pretrial record failed to establish that Drew's termination decision indisputably was actually motivated <u>at least in part</u> by the payroll incident.

Drew takes issue with the district court's conclusions on the evidentiary sufficiency of her lawful motives. We have jurisdiction to review evidentiary sufficiency issues when core qualified immunity issues also are raised. <u>See</u> <u>Stanley</u>, 219 F.3d at 1287. Viewing the pre-trial record in the light most favorable to Plaintiff -- as we and the district court are required to do -- the record fails to

show indisputably that Drew was motivated (at least in part) by the legitimate

reason she proffered.*

      AFFIRMED.

---

*Our factual conclusions are for purposes of this interlocutory appeal only; "[a]t trial, it may turn out that these 'facts' are not the real 'facts.'" <u>McMillian</u>, 88 F.3d at 1563.